JOSEPH SEARS *vs.* ANSEL L. TYLER & others.

The selectmen of a town are not liable to the penalty provided by Gen. Sts. *c.* 86, § 17, for a failure to appoint an agent for the sale of spirituous and intoxicating liquors, if they have in due season appointed a person who has declined to serve, and there has been no care- less omission or wilful neglect to appoint another.

TORT against the selectmen of Charlemont, to recover the penalty of $100, alleged to have been forfeited by reason of their failure to make a legal appointment of an agent for the sale of spirituous and intoxicating liquors, under Gen. Sts. *c.* 86, § 17. At the trial in the superior court, before *Morton, J.,* a verdict was returned for the defendants, under directions so to do, upon facts

which are sufficiently stated in the opinion. The plaintiff alleged exceptions.

*S. T. Field*, for the plaintiff.

*D. Aiken*, for the defendants.

BIGELOW, C. J. On the facts shown at the trial, the defendants are not liable to the penalty prescribed by Gen. Sts. *c.* 86, § 17. They made an appointment in due season, which the person appointed declined to accept. Afterwards, and as soon as a suitable appointment could be effectually made, another agent was duly constituted according to law. It does not appear that the defendants did not act with proper diligence, and it is agreed that they did not omit to perform their duty through any want of good faith, or from an intention to evade the provisions of the law. The statute is designed only to inflict a penalty where there has been a careless omission or wilful neglect to comply with its provisions. There was no evidence of such omission or neglect on the part of the defendants. We cannot distinguish the case from *Rowe* v. *Edmands*, 3 Allen, 334. There was no effectual appointment of an agent in that case. He could not act until he had given bond, and his failure to give a bond within a reasonable time was, in effect, a refusal to accept the office. *Exceptions overruled.*